# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| CHARLES N. JOHNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12-CV-232 JVB |
| | ) | |
| BRUCE LEMMON and MARK SEVIER, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Charles N. Johns, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 7.) The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Nevertheless, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Here, Johns alleges that he is an "observant Jewish prisoner." He claims that a fundamental tenet of Judaism is observance of the Sabbath; among other things adherents are required to "gather a double amount of food on the sixth day for Sabbath." As a result, Johns

claims he cannot cook or eat food cooked by others on Saturdays. In order to comply with this religious principle, Johns requested that the Indiana Department of Correction ("IDOC") provide him with food on Friday nights that he could store in his cell and eat on Saturday.[1] He claims that between October 2010 and April 2012, prison staff at Miami Correctional Facility ("Miami") provided him with Sabbath meals on Friday nights in accordance with his request. For reasons unknown to him, the prison abruptly refused to continue providing him with these meals in April 2012, despite his repeated complaints. Johns seeks declaratory and injunctive relief requiring the IDOC to provide him with Sabbath meals on a permanent basis. He claims that there is no "rational reason" why he cannot continue to receive these meals, which in his view pose no greater health or safety risks than meals given to prisoners in segregation or to Muslim prisoners during Ramadan.

Prisoners enjoy a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, restrictions that limit the exercise of religion are permissible if they are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89–91 (1987). Inmates are entitled to broader religious protection under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, which provides in pertinent part:

---

[1] Johns, through counsel from the American Civil Liberties Union, brought a prior lawsuit in the Southern District of Indiana regarding the provision of Kosher meals to Jewish inmates. *Johns v. Ridley-Turner*, 2:04-CV-37 (S.D. Ind. filed Feb. 24, 2004). That suit resulted in a private settlement agreement. *See id.*, DE 23. Johns asserts in his complaint that his counsel raised the issue of Sabbath meals with the IDOC in the course of discussions in the earlier case; however, he makes clear that the provision of Sabbath meals was not part of the prior lawsuit or the settlement agreement reached in that case. (*See* DE 7 at 4.)

2

> No government shall impose . . . a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—
>     (1) is in furtherance of a compelling governmental interest; and
>     (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). Government conduct is substantially burdensome "when it "put[s] substantial pressure on an adherent to modify his behavior and violate his beliefs." *Nelson v. Miller*, 570 F.3d 868, 878 (7th Cir. 2009). When the plaintiff shows that the conduct at issue substantially burdens his or her religious exercise, the evidentiary burden shifts to the prison to show that the challenged conduct is the least restrictive means of pursuing a compelling governmental interest. *See Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008).

    As recounted above, Johns asserts that a fundamental tenet of his religious beliefs is that he cannot cook food or eat food cooked by others on Saturdays. He claims that for more than a year the prison provided him with Sabbath meals so that he could observe this tenet, but for unknown reasons they recently refused to continue doing so. Johns claims that the prison's refusal to provide him with these meals has caused him to violate his religious principles by eating food that was cooked on the Sabbath. He also points out that other inmates are permitted to eat in their cells, including Muslim prisoners who are given meals to eat during Ramadan. Although further factual development may show that the prison had legitimate reasons for refusing to let Johns store food and/or eat in his cell, he has alleged enough to proceed past the pleading stage. *See Vinning-El*, 657 F.3d at 593 (reversing judgment for defendant where prisoner claimed he was denied a vegan diet in accordance with his religious beliefs); *Nelson*, 570 F.3d at 880 (refusal to provide Roman Catholic inmate a non-meat diet on Fridays and

during Lent substantially burdened his religious practice); *Hunafa v. Murphy*, 907 F.2d 46, 47-48 (7th Cir. 1990) (denying Muslim inmate a non-pork diet unduly burdened his religious practice).

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Bruce Lemmon and Mark Sevier in their official capacities for declaratory and injunctive relief for substantially burdening the practice of his religion by refusing his request for Sabbath meals;

(2) **DISMISSES** any and all other claims contained in the complaint;

(3) **DIRECTS** the U.S. Marshals Service to effect service of process on Bruce Lemmon and Mark Sevier; and

(4) **ORDERS** Bruce Lemmon and Mark Sevier to respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on June 26, 2012.

   s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division